IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |  |
|---|---|---|
| CNH INDUSTRIAL CAPITAL AMERICA, LLC, f/k/a CNH CAPITAL AMERICA, LLC, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Civil Action No. 2:16-CV-724 |
| JOHN D. COLEY | ) ) ) | |
| Defendant. | ) | |

## SECOND AMENDED COMPLAINT

COMES NOW Plaintiff, CNH Industrial Capital America, LLC, f/k/a CNH Capital America, LLC, (hereinafter "CNH"), and, pursuant to this Court's Order dated October 4, 2016, files its Second Amended Complaint to revise Paragraph 1 of the Complaint to further clarify the corporate citizenship of CNH for diversity purposes. As its Complaint against John D. Coley (hereinafter "Coley" or "Defendant") CNH states as follows:

### Parties, Jurisdiction & Venue

1. CNH is a Delaware limited liability company authorized to do business in the State of Alabama and with its principal place of business in Racine, Wisconsin. For purposes of diversity, the membership of CNH is as follows:

a) The sole member of CNH is CNH Industrial Capital, LLC, a Delaware limited liability company;

b) The sole member of CNH Industrial Capital, LLC, is CNH Industrial America, LLC, a Delaware limited liability company.

c) The sole member of CNH Industrial America, LLC, is Case New Holland Industrial, Inc., a Delaware corporation with its principal place of business in Racine, Wisconsin.

2. Coley is a citizen and resident of the State of Alabama, and resides at 1287 Robinson Switch Road, Lowndesboro, Alabama, in Lowndes County, Alabama.

3. This Court has subject matter jurisdiction over this Complaint pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds the amount of $75,000 and there is complete diversity of citizenship between the Plaintiff CNH and the Defendant.

4. Venue lies in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District and the property that is the subject of the action is situated in this District.

5. This Court has personal jurisdiction over the parties because this case concerns property and persons located in this District, a substantial amount of the

acts or omissions at issue occurred in Alabama, and Defendant executed the contracts (more particularly described below) at issue in this District.

## Factual Allegations

6. Plaintiff repeats and re-alleges all allegations in paragraphs 1 through 7 as if fully set forth herein.

### A. Retail Installment Sale Contract No. 1

7. On December 26, 2012 Defendant entered into a Retail Installment Sale Contract and Security Agreement with CNH (hereinafter "Contract No. 1") whereby Defendant purchased a Case STX550 Steiger Tractor, Serial No. ZCF133418 and a Case IH Magnum Tractor 340, Serial No. ZCRD08709 (hereinafter "Collateral No. 1"). (A true and correct copy of Contract No. 1 is attached hereto as Exhibit "A" and incorporated by reference herein).

8. Pursuant to Contract No. 1, Defendant was to make five (5) annual payments of $102,789.88 beginning on January 1, 2014 and each January 1 thereafter, and one (1) annual payment of $102,789.82 on January 1, 2019.

9. Also pursuant to Contract No. 1, Defendant granted CNH a security interest in Collateral No. 1.  CNH perfected its security interest by recording a UCC financing statement on January 14, 2013.  (A true and correct copy of the UCC financing statement is attached hereto as Exhibit "B" and incorporated by reference herein).

10. On March 17, 2015 CNH and Defendant entered into a Payment Schedule Change Agreement whereby the balance owed by Defendant was reduced to $247,131.50 and the payments required by Defendant were modified to one (1) payment of $56,041.50 due on May 1, 2015 and four (4) successive annual payments of $56,041.50 due on January 1, 2016, and each January 1 thereafter. (A true and correct copy of the Payment Schedule Change Agreement is attached hereto as Exhibit "C" and incorporated by reference herein).

11. Defendant has defaulted on his obligations under Contract No. 1 and the Payment Schedule Change Agreement.  The balance owed to CNH as of the date of this Complaint is $254,318.52, exclusive of fees and costs.  Pursuant to Contract No. 1, CNH is entitled to recover fees, costs and attorneys' fees incurred in the recovery of the debt owed by Defendant.  Additionally, CNH is entitled to possession of Collateral No. 1.

**B.    Retail Installment Sale Contract No. 2**

12. On July 31, 2013 Defendant entered into a second Retail Installment Sale Contract and Security Agreement with CNH (hereinafter "Contract No. 2") whereby Defendant purchased a Case IH Farmall Series Tractor 110A, Serial No. CF01065M and a Case IH Loader L755, Serial No. YCWLL5304 (hereinafter "Collateral No. 2"). (A true and correct copy of Contract No. 2 is attached hereto as Exhibit "D" and incorporated by reference herein).

13. Pursuant to Contract No. 2, Defendant was to make four (4) annual payments of $9,797.14 beginning on August 1, 2014 and each August 1 thereafter, and one (1) annual payment of $9797.19 on August 1, 2018.

14. Also pursuant to Contract No. 2, Defendant granted CNH a security interest in Collateral No. 2.  CNH perfected its security interest by recording a UCC financing statement on August 5, 2013. (A true and correct copy of the UCC Financing Statement is attached hereto as Exhibit "E" and incorporated by reference herein).

15. Defendant has defaulted on his obligations under Contract No. 2.  The balance owed to CNH as of the date of this Complaint is $29,391.47, exclusive of fees and costs.  Pursuant to Contract No. 2, CNH is entitled to recover fees, costs and attorneys' fees incurred in the recovery of the debt owed by Defendant. Additionally, CNH is entitled to possession of Collateral No. 2.

**C.     Retail Installment Sale Contract No. 3**

16. On August 30, 2013 Defendant entered into a third Retail Installment Sale Contract and Security Agreement with CNH (hereinafter "Contract No. 3") whereby Defendant purchased a Case IH Steiger Tractor 550. Serial No. ZDF135718 (hereinafter "Collateral No. 3"). (A true and correct copy of Contract No. 3 is attached hereto as Exhibit "F" and incorporated by reference herein).

17.  Pursuant to Contract No. 3, Defendant was to make four (4) annual payments of $70,480.76 beginning on September 1, 2014 and each September 1 thereafter, and one (1) annual payment of $70,480.77 on September 1, 2018.

18.  Also pursuant to Contract No. 3, Defendant granted CNH a security interest in Collateral No. 3.  CNH perfected its security interest by recording a UCC financing statement on September 9, 2013. (A true and correct copy of the UCC Financing Statement is attached hereto as Exhibit "G" and incorporated by reference herein).

19.  Defendant has defaulted on his obligations under Contract No. 3.  The balance owed to CNH as of the date of this Complaint is $254,362.56, exclusive of fees and costs.  Pursuant to Contract No. 3, CNH is entitled to recover fees, costs and attorneys' fees incurred in the recovery of the debt owed by Defendant. Additionally, CNH is entitled to possession of Collateral No. 3.

**D.     Retail Sales Installment Contract No. 4**

20.  On December 31, 2013 Defendant entered into a fourth Retail Installment Sale Contract and Security Agreement with CNH (hereinafter "Contract No. 4") whereby Defendant purchased a Case IH Magnum Tractor 235, Serial No. ZDRD08583 and a Case IH L700 Series Loader L795, Serial No. 80791497 (hereinafter "Collateral No. 4"). (A true and correct copy of Contract No. 4 is attached hereto as Exhibit "H" and incorporated by reference herein).

21. Pursuant to Contract No. 4, Defendant was to make four (4) annual payments of $45,329.97 beginning on January 1, 2015 and each January 1 thereafter, and one (1) annual payment of $45,330.00 on January 1, 2019.

22. Also pursuant to Contract No. 4, Defendant granted CNH a security interest in Collateral No. 4. CNH perfected its security interest by recording a UCC financing statement on April 30, 2014. (A true and correct copy of the UCC Financing Statement is attached hereto as Exhibit "I" and incorporated by reference herein).

23. Defendant has defaulted on his obligations under Contract No. 4. The balance owed to CNH as of the date of this Complaint is $203,154.84, exclusive of fees and costs. Pursuant to Contract No. 4, CNH is entitled to recover fees, costs and attorneys' fees incurred in the recovery of the debt owed by Defendant. Additionally, CNH is entitled to possession of Collateral No. 4.

**E.     Retail Sales Installment Contract No. 5**

24. Also on December 31, 2013 Defendant entered into a fifth Retail Installment Sale Contract and Security Agreement with CNH (hereinafter "Contract No. 5") whereby Defendant purchased the following:

a)   Case IH Maxxum Tractor Over 140 T4, Serial No. ZDBE17159;

b)   Case IH L700 Series Loader L765, Serial No. YDWLR5251;

c)   Case IH Planter 1230, Serial No. YCS041046; and

    d)    Case IH Soil Preparation 330 Turbo TR, Serial No. 070761

(hereinafter "Collateral No. 5"). (A true and correct copy of Contract No. 5 is attached hereto as Exhibit "J" and incorporated by reference herein).

25. Pursuant to Contract No. 5, Defendant was to make two (2) annual payments of $67,362.65 beginning on January 1, 2015 and each January 1 thereafter, and one (1) annual payment of $67,362.62 on January 1, 2017.

26. Also pursuant to Contract No. 5, Defendant granted CNH a security interest in Collateral No. 5. CNH perfected its security interest by recording a UCC financing statement on January 1, 2014. (A true and correct copy of the UCC Financing Statement is attached hereto as Exhibit "K" and incorporated by reference herein).

27. Defendant has defaulted on his obligations under Contract No. 5. The balance owed to CNH as of the date of this Complaint is $71,775.28, exclusive of fees and costs. Pursuant to Contract No. 5, CNH is entitled to recover fees, costs and attorneys' fees incurred in the recovery of the debt owed by Defendant. Additionally, CNH is entitled to possession of Collateral No. 5.

    **F.**    **Retail Sales Installment Contract No. 6**

28. On March 21, 2014, Defendant entered into a sixth Retail Installment Sale Contract and Security Agreement with CNH (hereinafter "Contract No. 6") whereby Defendant purchased a Case IH Steiger Tractor 450, Serial No.

ZCF130961 and a Case IH Maxxum Tractor 140, Serial No. ZCBE25649 (hereinafter Collateral No. 6). (A true and correct copy of Contract No. 6 is attached hereto as Exhibit "L" and incorporated by reference herein).

29. Pursuant to Contract No. 6, Defendant was to make four (4) annual payments of $115,479.47 beginning on March 21, 2015 and each March 21 thereafter, and one (1) annual payment of $115.479.46 on March 21, 2019.

30. Also pursuant to Contract No. 6, Defendant granted CNH a security interest in Collateral No. 6.  CNH perfected its security interest by recording a UCC financing statement on April 1, 2014. (A true and correct copy of the UCC Financing Statement is attached hereto as Exhibit "M" and incorporated by reference herein).

31. Defendant has defaulted on his obligations under Contract No. 6. The balance owed to CNH as of the date of this Complaint is $516,026.56, exclusive of fees and costs.  Pursuant to Contract No. 6, CNH is entitled to recover fees, costs and attorneys' fees incurred in the recovery of the debt owed by Defendant. Additionally, CNH is entitled to possession of Collateral No. 6.

**Count One – Breach of Contract**
**<u>Contracts No. 1 through No. 6</u>**

32. Plaintiff repeats and re-alleges all allegations in paragraphs 1 through 31 as if fully set forth herein.

33. Defendant entered into enforceable contracts with CNH pursuant to Contracts No. 1 through No. 6.

34. CNH performed as required under Contracts No. 1 through No. 6.

35. Defendant breached Contracts No. 1 through No. 6 by failing to pay the amounts owed as they came due.

36. CNH has incurred damages because of the Defendant's breaches of Contracts No. 1 through No. 6.

37. Pursuant to each of the contracts, upon default CNH is entitled to accelerate the amounts owed under the contracts.

38. The amount owed under each of the contracts is as follows:

   a) Contract No. 1 - $254,318.52

   b) Contract No. 2 - $29,391.47

   c) Contract No. 3 - $254,362.56

   d) Contract No. 4 - $203,154.84

   e) Contract No. 5 - $71,775.28

   f) Contract No. 6 - $516,026.56

39. Additionally, pursuant to the contracts, CNH is entitled to late fees, interest, and all attorneys' fees and costs of collection incurred in this matter.

40. CNH is currently entitled to damages in the amount of $1,329,029.23, and pre-judgment interest that continues to accrue, post-judgment interest, attorneys' fees and expenses, and court costs.

WHEREFORE, CNH requests this Court to enter a judgment in its favor and against the Defendant in the amount of $1,329,029.23, as a result of the Defendant's breaches of Contracts No. 1 through No. 6, plus pre-judgment interest that continues to accrue, post-judgment interest, attorneys' fees and expenses, and court costs.

## Count Two – Replevin
## Collateral No. 1 through No. 6

41. Plaintiff repeats and re-alleges all allegations in paragraphs 1 through 40 as if fully set forth herein.

42. In connection with Contracts No. 1 through No. 6, Defendant granted CNH a security interest in Collateral No. 1 through No. 6.

43. CNH recorded UCC financing statements with respect to Collateral No. 1 through No. 6. (True and correct copies of the UCC Financing Statements are attached hereto as Exhibit "I" and incorporated by reference herein).

44. Pursuant to Contracts No. 1 through No. 6, upon default CNH is entitled to immediate possession of Collateral No. 1 through No. 6.

45. Additionally, CNH is entitled to late fees, interest, and all attorneys' fees and costs of collection incurred in this matter.

WHEREFORE, CNH requests this Court, pursuant to Rule 64 of the Federal Rules of Civil Procedure and applicable State law, enter an order granting CNH immediate possession of Collateral No. 1 through No. 6 and requiring Defendant to make such collateral immediately available for repossession by CNH or its agents, as well as granting CNH late fees, interest, and all attorneys' fees and costs of collection incurred in this matter.

## **Request for Relief**

WHEREFORE, Plaintiff, CNH Industrial Capital America, LLC, f/k/a CNH Capital America, LLC requests that this Court grant judgment in CNH's favor, as follows:

(a) general damages against Defendant under Count One of the Complaint in the amount of $1,329,029.23 as currently due pursuant to Contracts No. 1 through No. 6, plus the applicable per diem interest and continuing costs and expenses; or, alternatively, immediate possession of Collateral No. 1 through No. 6;

(b) as well as all costs of collection, late fees and attorneys' fees;

(c) additional prejudgment interest as provided by the subject agreements and/or by Alabama law;

(d) reasonable attorneys' fees and expenses, plus reasonable attorneys' fees and expenses incurred in the event of any appeals;

(e) all accruing late charges and fees;

(f) all costs of court;

(g) interest at the maximum rate provided by the subject agreements and Alabama law on the total amount of the judgment, from the date of judgment until paid;

(h) the right to make post-judgment application for additional attorneys' fees and expenses that accrue accordingly; and

(i) such other and further relief to which CNH may be entitled.

Respectfully submitted this 30th day of August, 2016.

                                         */s/ Christopher T. Conte*
                                         JEFFERY J. HARTLEY (HARTJ4885)
                                         CHRISTOPHER T. CONTE (CONTC7049)
                                         Counsel for Plaintiff

OF COUNSEL:

HELMSING, LEACH, HERLONG,
   NEWMAN & ROUSE, P.C.
Post Office Box 2767
Mobile, AL 36652
(251) 432-5521
(251) 432-0633 Fax
jjh@helmsinglaw.com
ctc@helmsinglaw.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this the 11th day of October, 2016, the foregoing pleading was electronically filed with the Clerk of the Court using the CM/ECF system and a copy was served via U.S. Mail, postage pre-paid to the following:

John D. Coley
1287 Robinson Switch Road
Lowndesboro, AL 36742

                                  */s/ Christopher T. Conte*

19933/P/2nd Amended Complaint
Doc. #494200