IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CNH INDUSTRIAL CAPITAL AMERICA, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO.: 2:16-cv-724-GMB |
| JOHN D. COLEY, | ) ) ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION AND ORDER

This is a breach of contract action between Plaintiff CNH Industrial Capital America, LLC[1] ("Capital") and Defendant John D. Coley. Before the court is Coley's Rule 12(b)(7) Motion to Dismiss, which was filed on October 12, 2016. Doc. 13. Capital filed its response in opposition to Coley's motion on October 27, 2016. Doc. 16. Having reviewed the parties' submissions and the applicable authority, and for the reasons that follow, the court finds that Coley's motion is due to be DENIED.

Capital originally filed this action on September 1, 2016, and filed a second amended complaint[2] on October 11, 2016. Docs. 1 & 11. Capital alleges that, from December 2012 through March 2014, Coley financed the purchase of various pieces of farming equipment through Capital. Doc. 11. With each purchase, Coley executed a retail

---

[1] Plaintiff CNH Industrial Capital America, LLC is identified as CNH Industrial Capital America, LLC f/k/a CNH Capital America, LLC in the complaint, amended complaint, and second amended complaint. Docs. 1, 8 & 11.

[2] The operative pleading in this case is the second amended complaint, as the court ordered Capital to amend both the complaint and the first amended complaint to properly allege the citizenship of the parties for purposes of diversity jurisdiction. Docs. 1, 4, 8, 10 & 11.

installment sale contract and security agreement with Capital and also granted Capital a security interest in the financed equipment. Docs. 11 at ¶¶ 7–31 & 11-1 to -13. Capital claims that Coley breached his contractual obligations by failing to pay the amounts due under each contract and that, as a result, Coley is liable for the accelerated amounts due under each contract or, alternatively, for immediate return of the collateral, plus interest, costs, expenses, late fees, and attorneys' fees. Doc. 11.

On October 12, 2016, Coley filed a Rule 12(b)(7) Motion to Dismiss. Doc. 13. In that motion, Coley argues that he already has a lawsuit pending in state court over the same equipment with H&R Agri-Power, Inc. ("H&R") and CNH Industrial America, LLC d/b/a Case IH Agriculture ("Industrial"),[3] and that the instant action is therefore due to be dismissed under Rules 12(b)(7) and 19 of the Federal Rules of Civil Procedure for "non-feasible joinder of indispensable parties." Doc. 13.

H&R filed the state-court action against Coley in the Circuit Court of Lowndes County, Alabama on January 21, 2015, for the recovery of certain unpaid repair bills.[4] Doc. 16-1. Coley filed a counterclaim against H&R and a third-party complaint against Industrial for breach of express and implied warranties and negligent repairs. Doc. 16-2. Industrial was subsequently dismissed by consent of the parties. Doc. 16-3. On March 14, 2016, Coley amended his counterclaim against H&R to assert claims against Industrial for fraud, breach of implied and express warranties, negligence, and wantonness. Doc. 16-4.

---

[3] With respect to the purchased equipment, Coley's motion states that H&R was the dealer, Industrial was the manufacturer, and Capital financed the purchases. Doc. 13. The court also notes that Coley's motion references an Exhibit A, but no such exhibit was attached to the motion and, thus, no such exhibit was considered by the court. Doc. 13.

[4] This lawsuit is styled as *H&R Agri-Power, Inc. v. Coley*, Case No. 45-CV-2015-900005 (Circuit Court of Lowndes County, Ala.)

Coley argues that the lawsuit before this court must be dismissed or transferred to Lowndes County so that he and Capital can join their respective claims in this case with those already pending in the state-court lawsuit. The court does not agree and finds that, for the reasons that follow, Coley's motion is due to be denied.

The basis of Coley's motion is Rule 12(b)(7) of the Federal Rules of Civil Procedure, which provides that a court may dismiss an action when the plaintiff fails to join a required and indispensable party and the defendant raises that defense by motion. *See* Fed. R. Civ. P. 12(b)(7). To determine whether a court should dismiss an action for failure to join a required and indispensable party, courts apply the criteria set forth in Federal Rule of Civil Procedure 19. *Challenge Homes, Inc. v. Greater Naples Care Ctr., Inc.*, 669 F.2d 667, 669 (11th Cir. 1982). "The burden is on the party raising the defense to show that the person who was not joined is needed for a just adjudication." *Barow v. OM Fin. Life Ins. Co.*, 2011 WL 2649987, at *1–2 (M.D. Fla. July 6, 2011) (citing *Am. Gen. Life & Accident Ins. Co. v. Wood*, 429 F.3d 83, 92 (4th Cir. 2005)). In this case, that burden falls on Coley.

Rule 19 delineates a two-part inquiry for determining whether a party should be joined in an action. The first part of the inquiry requires the court to determine whether the party in question is necessary and can be feasibly joined under the Rule 19(a) factors. Fed. R. Civ. P. 19(a). Only after the court conducts this analysis and determines that a required party cannot feasibly be joined does the court continue to the second part of the inquiry, which asks whether the party in question (*i.e.,* a party who is required to but feasibly cannot be joined) is "indispensable" under the Rule 19(b) factors. Fed. R. Civ. P.

3

19(b). In other words, the court must then determine whether, in equity and good conscience, the action should proceed among the existing parties in the required party's absence or should be dismissed. *Id.*

Coley's motion makes no attempt to address the first part of the Rule 19 inquiry—whether H&R and Industrial are required parties who can be feasibly joined.[5] Doc. 13. Rule 19(a) states:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>   (i) as a practical matter impair or impede the person's ability to protect the interest; or
>   (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

As an initial matter, Coley's motion does not adequately demonstrate the citizenship of H&R;[6] thus, the court is unable to determine whether H&R's joinder would deprive it of subject-matter jurisdiction. Doc. 13. However, even if Coley had adequately demonstrated

---

[5] The court presumes that Coley is arguing that both H&R and Industrial are necessary and indispensable parties based on the analysis of the Rule 19(b) factors contained in Coley's motion, including his arguments that judgment in the absence of both Industrial and the dealer (*i.e.*, H&R) could lead to inconsistent judgments, that there is no way to shape his potential relief on his fraud claims without "the parties together," and that a judgment in this court on his fraud claims in the absence of Industrial and the dealer could affect his fraud claims in state court. Doc. 13.

[6] Industrial is alleged in the second amended complaint to be a citizen of Delaware and Wisconsin. Doc. 11 at ¶ 1(c). After independently reviewing the record, the only allegation the court could find shedding light on H&R's citizenship is an allegation that H&R is a Kentucky corporation (Doc. 16-1), but a corporation's place of incorporation alone is not sufficient to establish its citizenship for purposes of diversity jurisdiction. *See Bel-Bel Int'l Corp. v. Cmty. Bank of Homestead*, 162 F.3d 1101, 1106 (11th Cir. 1998) ("For purposes of diversity jurisdiction, a corporation is a 'citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'") (quoting 28 U.S.C. § 1332(c)(1)).

4

the citizenship of H&R, his motion fails because he has not demonstrated that the remaining factors under Rule 19(a) weigh in favor of a finding by this court that H&R and Industrial are "persons required to be joined if feasible." Fed. R. Civ. P. 19(a).

Coley's motion proceeds directly to an analysis of the Rule 19(b) factors without any discussion of Rule 19(a) and whether H&R and Industrial are required parties to the action who can be feasibly joined. In fact, Coley omits an analysis of the Rule 19(a) factors entirely, notwithstanding the fact that the court cannot consider dismissing an action under Rule 19(b)[7] unless the court first concludes that the party in question is "required to be joined if feasible" under Rule 19(a). *Compare* Fed. R. Civ. P. 19(a), *with* Fed. R. Civ. P. 19(b); *see also Barow*, 2011 WL 2649987, at *1–2.

Because Coley's motion does not address Rule 19(a) and the feasibility of joining H&R and Industrial to this action, and because it does not adequately address whether H&R and Industrial are required parties to this action, the court finds that Coley has failed to carry his burden with respect to his Rule 12(b)(7) motion. For these reasons, it is ORDERED that Coley's Rule 12(b)(7) Motion to Dismiss (Doc. 13) is DENIED.

DONE this 13th day of April, 2017.

                                            /s/ Gray M. Borden
                                    UNITED STATES MAGISTRATE JUDGE

---

[7] The court notes that Coley requests dismissal of this action or transfer to state court, but transferring an action to state court is not a remedy contemplated under Rule 19. *See* Fed. R. Civ. P. 19.