IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CNH INDUSTRIAL CAPITAL            )
AMERICA, LLC,                     )
                                  )
    Plaintiff/Counter-Defendant,   )
                                  )
v.                                )      CASE NO.: 2:16-cv-724-GMB
                                  )      [WO]
JOHN D. COLEY,                    )
                                  )
    Defendant/Counter-Plaintiff.   )

## MEMORANDUM OPINION AND ORDER

This is a breach of contract action over payment for certain farming equipment between Plaintiff/Counter-Defendant CNH Industrial Capital America, LLC ("Capital") and Defendant/Counter-Plaintiff John D. Coley. This Memorandum Opinion and Order resolves two motions pending before the court: (1) Capital's Rule 12(b)(6) motion to dismiss Coley's counterclaims (Doc. 24), and (2) Coley's motion for leave to amend his fraud counterclaim (Doc. 28). Having reviewed the parties' submissions and the relevant authority, and for the reasons that follow, the court finds that Capital's motion is due to be GRANTED, and Coley's motion is due to be DENIED.

Coley asserts three counterclaims against Capital for breach of contract, unjust enrichment, and fraud. Doc. 20. In its motion to dismiss, Capital argues that all of these claims should be dismissed because (1) Coley has not adequately alleged an "alter-ego" theory of liability, (2) the claims generally fail to meet threshold pleading requirements, and (3) Coley contractually waived his right to bring these claims. The court agrees with

Capital that Coley's counterclaims, as currently pleaded, are due to be dismissed, as explained below.

First, the court finds that Coley is attempting to pursue alter-ego claims but has failed to plead them adequately. All of Coley's counterclaims are based on allegations that the farming equipment he financed through Capital was defective and not suited for its intended purpose, thereby excusing his performance under his contracts with Capital. Indeed, in his counterclaims, Coley acknowledges that CNH Industrial America, LLC ("CNH Industrial America") manufactured the equipment at issue, while Capital financed its purchase. *See* Doc. 20. Coley continues that, because CNH Industrial America is the sole member of CNH Industrial Capital, LLC ("CNH Industrial Capital"), which is the sole member of Capital, he essentially financed the purchase of the equipment from its manufacturer. Doc. 20. In other words, Coley alleges that, because the "manufacturer and finance company CNH entities are alter-egos of one another," the "CNH entities"—Capital, CNH Industrial Capital, and CNH Industrial America—share liability for his damages. *See* Doc. 20 at ¶ 5.

However, to plead the type of alter-ego claims Coley is intending to pursue, he must allege facts showing (1) that Capital had complete control over CNH Industrial America, (2) that Capital misused that control, and (3) that the misuse caused him harm. *See Lord Abbett Mun. Income Fund, Inc. v. S. Farms, Inc.*, 2015 WL 9474287, at *12 (S.D. Ala. Dec. 1, 2015) (citing *Messick v. Moring*, 514 So. 2d 892, 894 (Ala. 1987)). Even a lenient review of Coley's counterclaims shows that he alleges no facts, other than the CNH entities' general corporate structure, to establish an alter-ego claim.

When Capital challenged Coley's alter-ego theory of liability in its motion to dismiss, Coley responded that Capital's argument was "entirely off-base" and that he is pursuing claims against Capital based "solely" on its conduct. Doc. 27 at 5–6. In fact, Coley represented that he "has made no affirmative claims in his counterclaim against the parent company, CNH Industrial America, LLC, at all, and thus cannot be making alter-ego affirmative claims." Doc. 27 at 5. While this may be Coley's position now, a plain reading of his counterclaims illustrates the opposite—that he is alleging, or attempting to allege, multiple claims against Capital based on an alter-ego theory of liability. Because Coley has not adequately pleaded such a claim, his counterclaims against Capital, to the extent they are based on an alter-ego theory of liability, are due to be dismissed.

Still, even if Coley had been pursuing claims against Capital based solely on its own conduct rather than an alter-ego theory of liability, his counterclaims, at least as currently pleaded, remain ripe for dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state claims upon which relief can be granted. To survive a 12(b)(6) motion to dismiss, a complaint must allege sufficient factual matter that, taken as true, make a plausible showing that the plaintiff is entitled to the relief sought. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). Capital contends that Coley has failed to meet this standard because "the vast majority of Defendant's allegations refer to the CNH entities collectively, without specifying what wrongful conduct is allegedly attributed to CNH Capital in particular," which "makes it impossible for CNH Capital to appropriately respond [because] there is no way for it to know what conduct it is being accused of as

opposed to the CNH Entities in the collective." Doc. 29 at 2. After reviewing Coley's counterclaims, the court agrees.

The allegations in Coley's counterclaims are vague, conclusory, and repeatedly refer to the CNH entities collectively without providing any specific detail or elaboration as to what acts and wrongdoings Capital allegedly committed. For example, Coley's breach of contract claim vaguely alleges that "Coley contracted with the CNH entities collectively and as alter-egos of one another" and that "Plaintiff has breached said contracts," but he provides no detail about what specific contract between which entities was allegedly breached and how. Doc. 20 at ¶¶ 13–14. Coley's unjust enrichment claim is similarly flawed. To prevail on a claim of unjust enrichment, the plaintiff must show that the defendant knowingly accepted and retained a benefit provided by another who had a reasonable expectation of compensation. *See Matador Holdings, Inc. v. HoPo Realty Invs., LLC*, 77 So. 3d 139, 145 (Ala. 2011). Coley's generalized allegations that Capital has collected substantial sums of money from him for equipment that is defective or not suited for its intended purpose does not meet minimum pleading standards under Rule 12(b)(6) for an unjust enrichment claim. With respect to his fraud claim, Coley concedes that this claim is not pleaded with the level of specificity required by the Federal Rules of Civil Procedure, and from a review of that claim, the court agrees. For these reasons, Coley's counterclaims against Capital are due to be dismissed.

Finally, there is one additional reason Coley's counterclaims are due to be dismissed—he waived these claims pursuant to the terms of the retail installment sales contracts he executed when purchasing and financing the equipment at issue. According

to the contracts, which are attached as exhibits to Capital's second amended complaint and incorporated by reference therein, the Seller, either Martin Truck and Tractor Company, Inc. or H&R Agri-Power, Inc., will assign the agreements to Capital,[1] and Coley, as the Buyer,

> will not assert against Assignee any claim or defense which Buyer may have against Seller or the manufacturer of the Equipment. Buyer agrees that its obligation to remit payments will not be subject to, and it will not make any claim against Assignee for breach of any representation, warranty or condition with respect to the Equipment and that its obligation to pay Assignee all amounts under this Agreement is absolute and unconditional without abatement, reduction, set-off, counterclaim or interruption for any reason whatsoever, notwithstanding any breach or alleged breach of any representation, warranty or condition with respect to the Equipment or any dispute which now or hereafter arises between Buyer and Seller or any other person.

Docs. 11-1, 11-4, 11-6, 11-8 & 11-12. All of Coley's counterclaims against Capital arise from the alleged defectiveness of the equipment he purchased, and the contracts specifically provide that he has waived any claim he may have against the manufacturer of the equipment. Waiver was raised by Capital in its motion to dismiss, but Coley failed to address it in any way. Accordingly, for this additional reason, Coley's counterclaims against Capital are due to be dismissed.

Coley has requested leave to amend his fraud claim, but that request is denied because Coley failed to submit a proposed amended complaint with his motion in accordance with Rule 15.1 of this court's Local Rules. The court cannot pass upon the merits of a motion for leave to amend without reviewing the proposed amendment. Still,

---

[1] Some of the contracts state that the Seller will assign the agreement to CNH Capital America, LLC, which, according to Capital's second amended complaint, was its former corporate name. Doc. 11.

even if Coley had submitted a proposed amended fraud claim, his motion for leave to amend would fail, as that claim, at least as currently pleaded, is premised on misrepresentations allegedly made as to the performance of the purchased equipment, and Coley has waived any claim he may have against Capital for breach of a representation made with respect to the equipment at issue.

Accordingly, for the reasons stated above, Capital's motion to dismiss (Doc. 24) is GRANTED, Coley's counterclaims are DISMISSED WITH PREJUDICE, and Coley's motion for leave to amend (Doc. 28) is DENIED.

DONE this 30th day of January, 2018.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE