IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CNH INDUSTRIAL CAPITAL AMERICA, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO.: 2:16-cv-724-GMB [WO] |
| JOHN D. COLEY, | ) ) | |
| Defendant. | ) | |

# **MEMORANDUM OPINION AND ORDER**

Before the court is a motion for pre-judgment replevin of property (Doc. 30) filed by Plaintiff CNH Industrial Capital America, LLC ("Capital"). Defendant John C. Coley financed the purchase of certain farming equipment through Capital, but he has stopped making payments under the terms of his retail installment sale contracts because he claims the purchased equipment is defective or not suitable for its intended use. *See* Doc. 11. As a result, Capital seeks, through the instant motion, immediate possession of the financed equipment. Defendant John D. Coley has opposed the motion. Doc. 32.

Federal Rule of Civil Procedure 64 provides:

> At the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment.

Fed. R. Civ. P. 64(a). Replevin—that is, the repossession of personal property that was wrongfully taken—is one of the enumerated types of remedies available under Rule 64. Fed. R. Civ. P. 64(b).

Alabama Rule of Civil Procedure 64, in turn, provides:

> (a) *Seizure of person or property*. At the commencement of and during the course of an action, all remedies providing for seizure of person or property for the purpose of securing satisfaction of the judgment ultimately to be entered in the action are available under the circumstances and in the manner provided by law except that there can be no seizure of property through judicial process prior to the entry of judgment other than by a judicial officer acting pursuant to the procedure set forth in paragraph (b) of this rule.

Ala. R. Civ. P. 64(a). Since the court has not yet entered a judgment in this case, the procedure set forth in Rule 64(b) must be met before Capital's motion could be granted. That subsection sets forth the following procedure:

> (b) *Procedure for seizure of property*. Whenever any provision of law is invoked through which there is an attempt to seize property through judicial process prior to the entry of judgment, the procedure on application for such a pre-judgment seizure shall be as follows:
>> (1) AFFIDAVIT. The plaintiff shall file with the court an affidavit on personal knowledge, except where specifically provided otherwise, containing the following information:
>>> (A) Description of Property. A description of the claimed property that is sufficient to identify the property and its location.
>>> (B) Statement of Title or Right. A statement that the plaintiff is the owner of the claimed property or is entitled to possession of it, describing the source of such title or right and, if the plaintiff's interest in such property is based on a written instrument, a copy of said instrument must be attached to the affidavit.
>>> (C) Statement of Wrongful Detention. A statement of specific facts which show that the property is wrongfully detained by the defendant and a statement of the cause of such detention according to the best knowledge, information and belief of the plaintiff.
>>> (D) Statement of Risk of Injury. A statement of specific facts in support of the contention, if any, that there is risk of concealment, transfer or other disposition of or damage to the property to the injury of the plaintiff.
>> (2) PROCEEDINGS.
>>> (A) Preliminary Examination by the Court. The court, without delay, shall examine the complaint, the application and supporting affidavit and its attachments and any further showing offered by the plaintiff in

support of the plaintiff's right to the immediate possession of the property.

(B) Preliminary Finding for the Plaintiff; Writ of Seizure Without Hearing; Hearing on Dissolution. If the court upon preliminary examination finds that the risk of concealment, transfer or other disposition of or damage to the property by permitting it to remain in the possession of the defendant between the filing of the action and the time of a hearing is real, then the court shall forthwith enter an order authorizing the issuance of a writ of seizure but the court shall provide in said order that the defendant is entitled, as a matter of right, to a pre-judgment hearing on the issue of dissolution of the writ if a written request for hearing is served on counsel for the plaintiff within five (5) days from the date of seizure of the property by the sheriff or other duly constituted officer. If such a request is made, the writ shall expire upon the fifteenth day from said date of seizure unless the court, after hearing, continues the order in effect. The expiration of the writ shall not prejudice the right of the plaintiff to a reinstatement thereof but any such reinstatement shall not be made without notice and hearing. If no request for a hearing is made within the five–(5-) day period, the writ shall remain in effect pending further order of the court but, the court, in its discretion, may hear a request for dissolution of the writ although said request is served more than five (5) days from the date of seizure.

(C) Failure to Make Preliminary Finding for the Plaintiff; Order for Hearing; Hearing on Writ of Seizure or Attachment. If the court fails to make a preliminary finding for the plaintiff under subdivision (b)(2)(B) of this rule, the court shall order and direct that the plaintiff's application to the court for a writ of seizure or attachment or such other writ be set down for a hearing before the court at the earliest practical time and notice of the time, date and place of said hearing shall be forthwith served on the defendant. Said notice to the defendant shall provide that the defendant shall not dispose of or alter in any form the personalty therein described pending the hearing of the application and shall state that if the defendant does dispose of or alter the personalty sought to be recovered, the defendant shall be subject to punishment for contempt of court. At such hearing the plaintiff shall have the burden of showing good cause for the pre-judgment seizure or attachment, but the failure of the defendant to appear shall be deemed a waiver of any objections to the pre-judgment seizure or attachment.

Ala. R. Civ. P. 64(b).

The court has undertaken the preliminary review required by Alabama Rule 64(b)(2)(A) and concludes that the affidavit submitted by Capital does not show through "specific facts . . . that there is risk of concealment, transfer or other disposition of or damage to the property" at issue "to the injury" of Capital, as required by Alabama Rule 64(b)(1)(D). The only fact raised by Capital in an effort to meet the harm requirement of subsection (b)(1)(D) is that the equipment at issue is depreciating and will continue to depreciate. Docs. 30 & 30-4 at ¶ 7. But Capital has not pointed the court to any authority suggesting that the equipment's depreciation, which occurs in the normal course of business, is a type of "damage" contemplated under subsection (b)(1)(D).

Accordingly, the court finds that Capital has not meet its burden to show through specific facts, asserted in an affidavit, that the risk of concealment, transfer, or other disposition of or damage to the equipment at issue will occur if the equipment remains in Coley's possession until a hearing can be held on Capital's replevin motion. Ala. R. Civ. P. 64(b)(2)(B). Therefore, pursuant to Alabama Rule 64(b)(2)(C), a hearing on Capital's motion for replevin is set for **February 27, 2018**, at **10:00 a.m.**, in Courtroom 4E, Frank M. Johnson United States Courthouse Annex.

It is further ORDERED that, **on or before February 9, 2018**, Capital shall file a brief, not in excess of 15 pages in length, providing the court with authority for the proposition that, in the context of a motion for pre-judgment replevin under Rules 64 of the Federal and Alabama Rules of Civil Procedure, depreciation of personal property can qualify as "risk of concealment, transfer or other disposition of or damage to the property

4

to the injury" of Capital as required by Alabama Rule 64(b)(1)(D). Coley may file a response brief, not in excess of 10 pages in length, **on or before February 16, 2018**.

It is further ORDERED, pursuant to Alabama Rule 64(b)(2)(C), that Coley shall not dispose of or alter in any form the following equipment pending this hearing:

1. Case STX550 Steiger Tractor, Serial No. ZCF133418;
2. Case IH Farmall Series Tractor 110A, Serial No. CF01065M;
3. Case IH Loader L755, Serial No. YCWLL5304;
4. Case IH Steiger Tractor 550, Serial No. ZDF135718;
5. Case IH Magnum Tractor 235, Serial No. ZDRD08583;
6. Case IH L700 Series Loader L795, Serial No. YDWLV5029;
7. Case IH Planter 1230, Serial No. YCS041046;
8. Case IH Soil Preparation 3320 Turbo TR, Serial No. YDD070762;
9. Case IH Steiger Tractor 450, Serial No. ZEF139515; and
10. Case IH Maxxum Tractor 140, Serial No. ZDRD04026;

If Coley does dispose of or alter the above-described equipment, he shall be subject to punishment for contempt of court.

At the scheduled hearing, Capital has the burden of showing good cause for the pre-judgment seizure, but Coley's failure to appear shall be deemed a waiver of any objections to the pre-judgment seizure. Both parties shall also be prepared to discuss the relevancy of depreciation at the hearing.

DONE this 30th day of January, 2018.

GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE